UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RICKY B. LONG,<br>　　　　Plaintiff,<br>　　v.<br>JO ANNE B. BARNHART,<br>Commissioner of the Social<br>Security Administration,<br>　　　　Defendant. | Case No. CV 04-5950 AJW<br><br>MEMORANDUM OF DECISION |

　　　　Plaintiff filed this action seeking reversal of the decision of defendant, the Commissioner of the Social Security Administration (the "Commissioner"), denying plaintiff's applications disability insurance benefits and supplemental security income ("SSI") benefits. The parties have filed a Joint Stipulation ("JS") setting forth their contentions with respect to each disputed issue.

## Administrative Proceedings

　　　　The parties are familiar with the procedural facts, which are undisputed and are summarized in the Joint Stipulation. [See JS 2]. The ALJ found that plaintiff retains the residual functional capacity to perform light work with limited pushing and pulling using the lower extremities, occasional ramp and ladder climbing, balancing , stopping, crouching and crawling, no ladder/rope/scaffold climbing or kneeling, no reaching at or above shoulder level

1  and avoidance of heights and uneven terrain. [Administrative Record ("AR") 24]. Plaintiff
2  contends that Administrative Law Judge Robert A. Evans (the "ALJ") erred in not properly
3  characterizing plaintiff's non-exertional limitation in reaching and in not properly evaluating
4  plaintiff's other non-exertional limitations. [JS 2-3].

## Standard of Review

6  The Commissioner's denial of benefits should be disturbed only if it is not supported by
7  substantial evidence or if it is based on the application of incorrect legal standards. Thomas
8  v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th
9  Cir. 2001). Substantial evidence is more than a mere scintilla but less than a preponderance.
10 Richardson v. Perales, 402 U.S. 389, 401 (1971); Thomas, 278 F.3d at 954. Substantial
11 evidence means "such relevant evidence as a reasonable mind might accept as adequate to
12 support a conclusion." Richardson, 402 U.S. at 401 (quoting Consolidated Edison Co. of New
13 York v. N.L.R.B., 305 U.S. 197, 229 (1938)); Thomas, 278 F.3d at 954. The court is required
14 to review the record as a whole, and to consider evidence detracting from the decision as well
15 as evidence supporting the decision. Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999);
16 Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Where the evidence is susceptible
17 to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's
18 conclusion must be upheld." Thomas, 278 F.3d at 954 (citing Morgan v. Commissioner of
19 Social Sec. Admin., 169 F.3d 595, 599 (9th Cir.1999)).

## Discussion

**Reaching limitation**

22 Plaintiff contends that because the ALJ said that he "credit[ed] the assessment" from Dr.
23 Kumar, the Commissioner's examining orthopedist, over that of Dr. Gerson, the
24 Commissioner's examining internist, the ALJ erred in omitting from his RFC assessment Dr.
25 Kumar's finding that plaintiff was limited to occasional reaching in all directions. [JS 3-5; see
26 AR 264].
27 The ALJ found that plaintiff could perform no reaching at or above the shoulder level.
28 He specified no other reaching limitations. [AR 23]. In explaining the basis for his RFC

finding, the ALJ said that he found the limitations assessed by the non-examining state agency physicians to be "consistent with the treating records and objective findings," and he also said that he credited Dr. Kumar's assessment over that of Dr. Gerson because Dr. Kumar is an orthopedist and Dr. Gerson is an internist. [AR 23].

Dr. Kumar found that due to "previous cervical fusion, limited range of motion of the cervical spine, and positive impingement sign on the left side," plaintiff was limited to light work with non-exertional limitations, including a manipulative limitation to occasional reaching in all directions. [AR 261, 264]. The ALJ indicated that he credited Dr. Kumar's opinion, or at least gave it more weight than Dr. Gerson's, but he did not explain why he rejected Dr. Kumar's limitation to occasional reaching in all directions. A possible explanation is that the ALJ actually was relying on the opinion of the non-examining state agency physician, which he described as consistent with the treating records and objective evidence, rather than that of Dr. Kumar. To reject an examining physician's opinion in favor of a non-examining physician's opinion, however, the ALJ must provide specific, legitimate reasons based on substantial evidence in the record. See Lester v. Chater, 81 F.3d 821, 830-831 (9th Cir. 1996). The ALJ did not do that. Furthermore, the non-examining physician did not indicate only that plaintiff could do "no reaching at or above shoulder level"; she also checked a box indicating that plaintiff was "limited" in "reaching in all directions." [AR 216]. There is no logical reason why both of those limitations cannot coexist. They are not mutually exclusive; rather, the prohibition against reaching at or above shoulder level appears to be a more restrictive subset of the more general limitation in reaching in all directions. The limitation in "reaching in all directions" plainly is consistent with Dr. Kumar's limitation to "occasional reaching in all directions," but the ALJ included only the second limitation – no reaching at or above shoulder level – in his RFC finding.

The ALJ erred in omitting a limitation to occasional reaching in all directions from his RFC assessment, and his RFC finding is not based on substantial evidence in the record. Because the ALJ did not include that limitation in his hypothetical questions to the vocational expert, the expert's testimony does not provide substantial evidence supporting the ALJ's

3

finding that plaintiff can perform his past relevant work as a convenience store cashier and hotel auditor. In addition, the <u>Dictionary of Occupational Titles</u> ("<u>DOT</u>") indicates that both of those jobs (<u>DOT</u> job numbers 211.462-010 and 210.382-054) require "frequent" reaching, making them incompatible with plaintiff's reaching limitation. [<u>See</u> JS14-19].

**Non-exertional limitations**

Plaintiff also contends that the ALJ erred in evaluating the objective medical evidence and testimony with respect to the existence of non-exertional limitations from chronic arthritic joint pain, migraines, and his use of medications. Although couched partly as a challenge to the ALJ's credibility assessment, plaintiff also argues that the ALJ erred in not finding that plaintiff had medically-documented impairments related to his joint pain and migraine headaches. [<u>See</u> JS 8-12].

To establish disability under the Social Security Act, plaintiff must establish an inability to engage in "substantial gainful activity" because of a "medically determinable physical or mental impairment" that "has lasted or can be expected to last for a continuous period of not less that 12 months." 42 U.S.C. § 423(d)(1)(A). At step two in the sequential evaluation process, the Commissioner must determine whether the claimant has "a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement ...." 20 C.F.R. § 404.1520(a)(4)(ii); <u>Smolen v. Chater</u>, 80 F.3d 1273, 1289-1290 (9th Cir. 1996) (citing <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-41 (1987)).

The ALJ noted that plaintiff alleged disability due to pain in the shoulders, arms, and left knee; asthma; migraines; arthritis; carpal tunnel syndrome; and temporomandibular joint dysfunction. [AR 21]. The ALJ discussed those conditions, and he found that plaintiff has "an impairment or combination of impairments" that are severe [AR 24], but he never made an express finding as to which impairments were medically-determinable and severe, whether alone or in combination, and which were not. He simply proceeded to find that plaintiff's impairments did not meet or equal a listed impairment and that plaintiff had the RFC described in his decision. [<u>See</u> AR 21-23]. Without an unambiguous severity finding, it is

4

difficult to deduce whether the ALJ found that plaintiff had a particular medically determinable impairment, whether it was severe, whether that finding is supported by substantial evidence, and whether the ALJ was required to consider plaintiff's subjective symptom testimony about that impairment in assessing its severity. See SSR 96-3p, 1996 WL 374181, at *2 ("Symptoms, such as pain, fatigue, shortness of breath, weakness, or nervousness, will not be found to affect an individual's ability to do basic work activities unless the individual first establishes by objective medical evidence (i.e., signs and laboratory findings) that he or she has a medically determinable physical or mental impairment(s) and that the impairment(s) could reasonably be expected to produce the alleged symptom(s)."); see also Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991) (en banc) ("Once the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain."). Accordingly, the ALJ erred in failing to make a severity finding with respect to plaintiff's exertional and nonexertional impairments.

///

///

///

**Conclusion**

The ALJ committed legal error in assessing the severity of plaintiff's impairments and his RFC, and the ALJ's finding that plaintiff retains the RFC to perform his past relevant work as a convenience store cashier and hotel auditor is not supported by substantial evidence. Therefore, the Commissioner's decision is **reversed**. Because it is not absolutely clear from the record that plaintiff is entitled to benefits, this case is **remanded** to the Commissioner for further administrative proceedings consistent with this memorandum of decision and a new hearing decision. See Bunnell v. Barnhart, 336 F.3d 1112, 1115-1116 (9th Cir. 2003)(reversing and remanding for further proceedings where the ALJ did not properly reject the claimant's subjective complaints and other evidence but several "outstanding issues" remain to be resolved, including whether the ALJ "must credit her testimony as true," and whether, according to a vocational expert, there was alternative work the claimant could perform with all of the limitations supported by the record).

**IT IS SO ORDERED**.

DATED: November 16, 2005

                                            /s/
                                  ANDREW J. WISTRICH
                                  United States Magistrate Judge